JONES COUNTY v. WADE M. GRISSON ET AL.

[52 South. 629.]

SCHOOLS AND SCHOOL DISTRICTS. *Organization. Code* 1906, §§ 4530,
4533. *Unincorporated territory.*

> Under Code of 1906, § 4530, authorizing the creation by the county
> school board of separate school districts out of unincorporated
> territory, the whole of such district created must be in the same
> county, although a part of another county may, under Code
> 1906, § 4533, be added to a municipality which is a separate
> school district.

FROM the circuit court of, second district, Jones county.
HON. ROBERT L. BULLARD, Judge.

Grisson and others, appellees, were plaintiffs in the court be-
low; Jones county, appellant, was defendant there. From a judg-
ment in favor of the plaintiffs, awarding a writ of mandamus,
the defendant appealed to the supreme court. The county school
board of Jones county undertook to organize, in conjunction
with the like board of Smith county, a separate school district
out of unincorporated territory a portion of which district was
in each of the counties. The board of supervisors of Jones
county refused to levy a tax for the support of the district school
and the object of the suit was to compel the levy of such a tax.

*Deavours & Shands,* for appellant.

The view of appellant is, that the alleged Summerland sep-
arate school district is not and was not legally constituted. The
agreed statement of facts in this case and the petition of ap-
pellees show that in the alleged separate school district there
was less than sixteen section in Jones county, and the order of
the school board of Jones county of date July 27, 1908, on which

order appellees relied, was null and void, unless there can be a rural separate school district composed of territory from two or more counties. According to the contention of the appellant, there is no authority for the organization of such a district, and an order of a county school board creating a district composed of a part of two counties, is null and void, unless there is in the county of the school board, sixteen sections of land to be embraced in the proposed rural separate school district. The creation of a separate school district is purely and solely a statutory proceeding, and whenever a separate school district is created or formed, it must be done strictly according to the statute. Nowhere in the statute law of the state of Mississippi is there any provision for the creating of a rural separate school district out of the parts of two or more counties; nor do we think that the law makers contemplated that any such action would ever be undertaken by the school boards of the various counties of the state.

We consider it a very significant fact that by Code 1906, § 4533, provision was made whereby any part of a county or counties adjoining a municipality which is a separate school district may be included in such district, and no provision is made in that section or in any other section so far as we can find for the creation of a rural separate school district out of territory embraced in two or more counties. The reason of this is to our minds perfectly apparent.

If part of two counties could be embraced in one rural school district, there is no reason why a part of three or four counties could not be embraced in the same district. Suppose, as is the case, four counties should corner at the same point; under the contention of appellee, the rural separate school district might be composed by taking four sections from each of these counties; that district would be a perfectly legal district if the alleged rural separate school district about which this petition was

brought, is a legal one. We can easily see the complications that would arise in case of a separate school district so composed of a part of the counties of A. B. C. and D. The Code provides that the tax levied for the support of this school district should be collected by the tax collector of the county and deposited with the county treasurer to the credit of the district for which it was collected. The question at once presents itself, should this tax be collected by the tax collector of the county of A. or B. or C. or D.; then the further question, should it be deposited with the treasurer of the county of A. or the county of B. or the county of C. or of the county of D, and why it should be deposited with the treasurer of any county to the exclusion of the treasurers of the other counties. The section further provides that the funds shall be disbursed on pay certificates issued by the county superintendent, when he shall receive an order from the trustees of the district. Shall the county superintendent of the county of A. or of the county of B. or of the county of C. or of the county of D. be the proper officer to issue the pay certificate? Again, the statute provides that the trustees of this separate school district shall be appointed by the county superintendent of education; which county superintendent shall have the right to appoint these trustees. If the appellee should say that the county superintendent of A. should have the right, what reason can he give for preferring county A. to any of the other three counties?

None of these complications would arise in case of a municipal separate school district that has had added to it any part of adjoining counties, because in the case of municipal separate school, the law expressly provides that the mayor and board of aldermen of a municipality shall levy the taxes, and that when this tax is collected, it shall be paid over to the municipal treasurer. It might well be that a part of two or more counties could be included in a municipal separate school district, for as

the management of that district is vested in the mayor and board of aldermen of the municipality, there could be no conflict of authority between the officers of the various counties. And for that reason, we think, the legislature provided that parts of more than one county could be embraced in a municipal separate district, and failed to make any such provision for rural separate school districts. It is true that section 4533 provides that where territory from another county is added to a municipal separate school district, the tax shall be collected by the tax collector of the county in which the land is situated. The purpose of this is to preserve inviolate the integrity of the various counties. An officer in county A has no right to collect taxes or to exercise the functions of his office in county B.

*R. E. Halsell,* for appellees.

Certain qualified electors being a majority in territory made up of Smith and Jones counties petitioned the boards of supervisors of their respective counties for a levy to maintain a separate school district which had been duly established in their territory. The board of supervisors of Smith county ordered the levy, but the board of supervisors of Jones county refused to order the levy on the ground that while the petition showed a majority in the whole territory, yet that part carved out of Jones county did not have a majority.

As a majority of the qualified electors in the proposed district petitioned the board, and this is admitted, we think the levy ought to be made.

MAYES, C. J., delivered the opinion of the court.

Section 4530 of the Code of 1906 authorizes a separate school district to be created out of "any unincorporated district of not less than sixteen square miles, by the county school board, on a petition of the majority of the qualified electors therein."

This section, interpreted in the light of the other sections dealing with this subject, leaves no doubt in our minds but that each county must act for itself, and no separate school district of any unincorporated territory can be created, unless it is wholly within the county and contain not less than sixteen square miles. The only exception to this is found in section 4533 of the Code. This last section (that is, 4533) allows separate school districts to be created out of "any part of a county or counties adjoining a municipality which is a separate school district," to be included in such district, when a petition is filed for this purpose.

As illustrative of the correctness of this view, by section 4510 each county is given a school board, and by section 4530 the county school board is the authority vested with the power to create the district. Section 4534 requires the board of supervisors of unincorporated separate districts to levy a tax to pay for fuel, other necessaries, etc. The whole scheme of the statute shows that, whenever unincorporated territory is sought to be made a special school district, counties must act singly. Endless confusion and disagreement would be the result of a different view of this statute, as the law now stands. The statute is the entire source of power, and the statute neither expressly nor impliedly gives the power here sought to be exercised.

*Reversed, and petition dismissed.*